UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDWARD P. HONES,

Plaintiff(s),

v.

HENRY YOUNG, Ph.D, et al.,

Defendant(s).

2:12-CV-1951 JCM (PAL)

ORDER

Presently before the court is plaintiff's, Edward P. Hones, motion to remand. (Doc #12). Defendant Bioregenesis Institute, LLC responded (Doc #18), and plaintiff replied (doc #19).

**I . Factual Background**

On August 20, 2012, plaintiff filed a complaint for negligence, negligence per se, breach of fiduciary duty, lack of informed consent, loss of consortium, fraud, and negligent misrepresentation in Nevada state court. (*See* doc. # 1, Ex. # 1, Compl.). Plaintiff filed the lawsuit against defendants Henry Young and Bioregenesis Institute Corporation. (*See id.*).

On October 10, 2012, plaintiff served defendant Bioregenesis Institute, LLC with a copy of the complaint and summons. (Doc. # 12, Ex. 3). Plaintiff served defendant Young with a copy of the summons and complaint no later than October 30, 2012. (Doc. # 12, Ex. 5).

On November 12, 2012, defendant Bioregenesis Institute Corporation[1] filed a petition for

[1] At various times there has been activity by Bioregenesis Institute, LLC, Bioregenesis Institute Inc., and Bioregenesis Institute Corporation. The differences between these entities, if there

removal in this court to remove case number A-12-659871 from state to federal court. (Doc. # 1; *see also* doc. # 5). In the petition for removal, defendant Bioregenesis Institute Corporation attempts to invoke this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff responded by filing the instant motion to remand. (Doc. # 12). To date, defendant Young has not joined the petition for removal or filed his own petition of removal.

**II. Discussion**

Plaintiff offers three theories of removal: (1) that removal was untimely; (2) that removal failed the rule of unanimity; and (3) that removal was improper because of the forum defendant rule. The court will address each argument in turn.

In deciding whether removal is proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing the removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute"). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins, Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

*A. Timely Removal*

Plaintiff argues that the court should remand this matter based on the defendant's untimely petition for removal.

1. Legal Standard

Two clauses from the removal statutes govern the analysis of timeliness.

Title 28 U.S.C § 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days

---

are any, are not necessary to resolution of the motion to remand.

James C. Mahan
U.S. District Judge

> after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Title 28 U.S.C. § 1446(b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

If, following removal, a federal court determines there was a defect in the removal procedure or an absence of subject matter jurisdiction, it may remand the action to state court sua sponte or on motion of a party. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988). The timing requirement of Section 1446(b) is "mandatory," but it is not jurisdictional. *See Lewis v. City of Fresno*, 627 F.Supp.2d 1179, 1182 (E.D. Cal. 2008); *see also Dial–In, Inc. v. Aro Corp.*, 620 F.Supp. 27, 29 (N.D. Ill. 1985) ("The thirty-day period set forth in § 1446(b) is mandatory and cannot be extended by consent of the parties or by court orders.").

Under § 1446(b), two separate thirty-day windows exist for when a case may be removed: (1) after the defendant receives the initial pleading; and (2) after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id*. at 694.[2]

2. Analysis

As § 1446(b)(1) states, the defendant had thirty days to file its petition for removal. Plaintiff served the removing defendant on October 10, 2012, allowing for a timely petition for removal if filed on or before November 9, 2012. The removing defendant filed the petition for removal on

---

[2] In *Harris,* the court found that "Harris's initial pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated Brown's 1972 residency, not his citizenship, and certainly not his citizenship as of the filing of the complaint." *Id*. at 695.

November 12, 2012. This filing occurred thirty-three days after service, three days past the deadline established in 28 U.S.C. § 1446(b)(1). Thus for removal to be procedurally proper, the court must look to 28 U.S.C. § 1446(b)(3).

Under 28 U.S.C. § 1446, the second thirty-day window for removal begins "after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris*, 425 F.3d at 692. The plaintiff's initial complaint did not affirmatively reveal information to trigger removal based on diversity jurisdiction. Similar to the facts in *Harris*, plaintiff's complaint lists only the residence of defendant Young (doc #1, Ex. # 1, Compl. ¶ 3), and not his actual citizenship.

Although the statement of defendant Young's residence in the complaint provided a clue to infer Young's citizenship, it did not affirmatively reveal information to trigger removal based on diversity jurisdiction. This clue about citizenship was not enough information to initiate the 30-day statutory period imposed by 28 U.S.C. § 1446(b)(3), as the court does not recognize a duty to make further inquiry. *See Harris*, 425 F.3d at 694 & 696-98. As of the date of the petition for removal, no amended pleading, motion, order or other paper was filed that states the citizenship of defendant Young. Therefore, the defendant's petition for removal was timely.

*B. Rule of unanimity*

The plaintiff further argues that even if the defendant's filing was timely, it lacked the consent of all defendants.

1. *Legal Standard*

Title 28 U.S.C. § 1446(b)(2) governs the rule of unanimity. In relevant part it states:

> "(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."

James C. Mahan
U.S. District Judge

"All defendants who have been 'properly ... served in the action' must join in a petition for removal." *Destfino v. Reiswig*, 630 F3d 952, 956 (9th Cir. 2011) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988)). "Where fewer than all defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). "[T]he filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

2. *Analysis*

Section 1446(b)(2)(A) mandates that, once plaintiff served defendant Young, a petition for removal needed Young's consent. To date, the removing defendant[3] has never represented or averred that defendant Young has consented to removal. (*See* docs. ## 1 & 8-9). Plaintiff served defendant Young on October 30, 2012, making his consent required as of that date. (Doc # 12, Ex. 5). To date, defendant Young has not consented to the petition for removal. Indeed, in defendant's response to the motion to remand, it admits that defendant Young has not yet consented to removal. (Doc. # 18, p. 4 n. 2).

The removing defendant had until December 12, 2012, thirty days from the filing of the notice to remove, to cure its defect of lack of consent. Though consent need not be formally written, a petition for removal must at least contain an averment of the other defendant's consent and signed by an attorney of record. *Proctor*, 584 F.3d at 1225. Defendant Young has not consented to removal and the removing defendant has not averred that defendant Young has consented. Therefore, the court finds that the lack of unanimity fails to meet the requirement of 28 U.S.C. § 1446(b)(2)(A). Remand is appropriate.

---

[3] Bioregenesis Institute Corporation filed the petition for removal. (Doc. # 1). Bioregenesis Institute LLC filed the errata to the petition for removal and a separate statement regarding removal. (Docs. ## 8-9). Even though the corporate entities may be different, all the documents were filed by the same attorney.

James C. Mahan
U.S. District Judge

*C. Forum Defendant Rule*

Even though plaintiff also raises an argument regarding the forum defendant rule, it is not necessary for the court to examine this issue. In the removing defendant's petition for removal (*see* docs. ## 1 & 5), it states that it is a citizen of Nevada. This would violate the forum defendant rule and make removal improper. *See, e.g., Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (stating that "28 U.S.C. § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.").

However, in an the errata (doc. # 8), Bioregenesis Institute LLC, switches positions and states that its members are citizens of Colorado and California. The court need not address the issue because remand is proper under the rule of unanimity as discussed in section II.B *supra*.

*D. Request for attorney's fees*

Plaintiff requested an award of attorney's fees and other costs and expenses associated with filing this motion to remand pursuant to 28 U.S.C. § 1447©. The court, in its discretion, declines to grant such a request. *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995) (citing *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443 (9th Cir. 1992)) ("By adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith. Congress has unambiguously left the award of fees to the discretion of the district court.").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Edward P. Hones's motion to remand (doc. # 12) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk of the court remand this case to state court upon entry of this order.

DATED February 13, 2013.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge